IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>CHARLES C. McGREGOR,<br><br>　　　　　　　　　　Defendant. | Case No. 1:08-cv-806<br><br>**Honorable Robert W. Gettleman** |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY DEMAND PURSUANT TO FED. R. CIV. P. 39(A)(2)

Plaintiff Principal Life Insurance Company ("Principal Life"), by its undersigned counsel, moves to strike Defendant Charles C. McGregor's ("Defendant") jury demand included in his Answer to Principal Life's Complaint and in support of its motion, states as follows:

### I.　　INTRODUCTION

1.　　This case involves Plaintiff Principal Life's claim for rescission of additional life insurance coverage issued to Defendant under Defendant's employer's employee welfare benefit plan, with life insurance benefits underwritten by Principal Life pursuant to the terms of a group life insurance policy.

2.　　Principal Life seeks an order rescinding additional life insurance coverage in the amount of $92,000.00 issued to Defendant on the basis of material misrepresentations on the evidence of insurability forms completed by Defendant.

3.　　Defendant's Answer [Docket #19] to Principal Life's Complaint contains a jury demand.

495898.1

4.  Defendant's jury demand should be stricken and dismissed as a claim seeking rescission under Section 1132(a)(3)[1] is not legal but equitable in nature.

## II.  ARGUMENT

5.  The right to a jury trial under the Seventh Amendment depends on the nature of the issue to be tried. *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S. Ct. 733 (1970). It is settled law that a party's right to a trial by jury attaches only to legal claims. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 110 S. Ct. 1339, 1344 (1990); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782, 2790 (1989).

6.  Principal Life seeks rescission of insurance coverage under Section 1132(a)(3), which affords other "equitable relief." [Docket #1]. Rescission is traditionally an equitable remedy, and, therefore, Defendant has no right to a trial by jury. *Krinsk v. Fund Asset Management, Inc.*, 875 F.2d 404 (2d Cir. 1989); *Schuyt v. Rowe Price Prime Reserve Fund*, 835 F.2d 45 (2d Cir. 1987) (no right to a jury trial on a claim which essentially seeks rescission of an advisory agreement); *Merit Stainless Steel, Inc. v. Nippon Stainless Steel Co.*, 818 F.2d 532 (6th Cir. 1987) (rescission is an equitable remedy); *SEC v. Commonwealth Chem. Securities, Inc.*, 574 F.2d 90, 95-96 (2d Cir. 1978); *Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1258 (3d Cir. 1977) (striking jury demand on claim for rescission); *Mallory v. Citizens Utilities Co.*, 342 F.2d 796 (2d Cir. 1965) (an action to set aside a contract and deed on the ground that the contract was induced fraudulently was an equitable action for the rescission of a contract); *Black v. Boyd*, 248 F.2d 156 (6th Cir. 1957) (an action for the rescission of a contract and the imposition of a constructive trust was equitable and not triable by a jury); *Baldor Elec. Co. v. Sungard Recovery Servs. LP*, 2006 U.S. Dist. LEXIS 92548 (W.D. Ark. Dec. 15, 2006); *Greenhood v. Orr &*

---

[1] All sections referenced herein are sections of the Employee Retirement Income security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* unless otherwise indicated.

*Sembower, Inc.*, 158 F. Supp. 906 (D.C. Mass. 1958) (where the primary relief requested by the plaintiff was a declaration that a franchise granted to defendants was null and void, the action was determined to be one for cancellation or rescission of a contract, a proceeding traditionally equitable in nature, and the plaintiff was not entitled to a jury trial); *McDermott v. Travelers Ins. Co.*, 59 F. Supp. 269 (D.C. Pa. 1945) (defendant not entitled to jury trial on counterclaim for affirmative equitable relief by the setting aside of a contract under which plaintiffs were claiming and the setting aside of the revocation of a contract under which defendant was claiming).

### III. CONCLUSION

For all these reasons, Plaintiff Principal Life Insurance Company respectfully requests this Honorable Court enter an order striking Defendant Charles C. McGregor's jury demand and awarding Principal Life any other and further relief this Court finds just and equitable, including, but not limited to, an award of its reasonable attorneys' fees and costs incurred in bringing this motion.

Respectfully Submitted,

**PRINCIPAL LIFE INSURANCE COMPANY,
Plaintiff**

By:    */s/ Edna S. Bailey*
        One of its attorneys

Daniel J. McMahon
Rebecca M. Rothmann
Edna S. Bailey
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
120 North LaSalle Street, Suite 2600
Chicago, IL 60602
(312) 704-0550
(312) 704-1522

495898.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 11, 2008, a copy of the foregoing was served by operation of the Court's electronic filing systems upon the following:

***Attorney for Defendant***
Richard J. Reimer
Richard J. Reimer & Associates, LLC
15 Spinning Wheel Road, Suite 310
Hinsdale, IL 60521
Tel: (630) 654-9547
Email: rreimer@rjrlaborlaw.com

Keith A. Karlson
Carlson Law Offices
218 North Jefferson, Suite 101
Chicago, IL 60661
Tel: (312) 627-1212
Email: kkarlson@rjrlaborlaw.com

Parties may access this filing through the Court's system.

*/s/ Edna S. Bailey*
Edna S. Bailey