IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>                    Plaintiff,<br>v.<br><br>CHARLES C. McGREGOR,<br><br>                    Defendant. | Case No. 1:08-cv-00806<br><br>**Honorable Robert W. Gettleman** |

## THE PARTIES' JOINT STATUS REPORT

Plaintiff, PRINCIPAL LIFE INSURANCE COMPANY ("Plaintiff") and Defendant, CHARLES C. McGREGOR ("Defendant") (collectively "the parties"), by and through their respective attorneys, hereby submit this Joint Initial Status Report to this Court and state as follows:

A. <u>STATUS REPORT</u>: This matter is set for status before this Court on July 10, 2008 at 9:00 a.m. before his Honor.

B. <u>ATTORNEYS OF RECORD</u>: Plaintiff is represented by Daniel J. McMahon, Rebecca M. Rothmann and Edna S. Bailey of Wilson Elser Moskowitz Edelman & Dicker LLP, located at 120 North LaSalle Street, Suite 2600, Chicago, Illinois 60602. Rebecca M. Rothmann and Edna S. Bailey are expected to try this matter should a trial be appropriate. Defendant is represented by Richard J. Reimer and Keith A. Karlson of Richard J. Reimer & Associates LLC, located at 15 Spinning Wheel Road, Suite 310, Hinsdale, Illinois 60521. Richard J. Reimer & Keith A. Karlson are expected to try this matter on behalf of the Defendant.

C. <u>BASIS OF FEDERAL JURISDICTION</u>:  This court has federal question jurisdiction, as this matter is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq*. 28 U.S.C. §1331.

D. <u>REQUEST FOR JURY TRIAL</u>:  As this matter is in equity, neither party has a right to a trial by jury.

E. <u>NATURE OF THE CLAIMS ASSERTED</u>:  Plaintiff seeks rescission of an additional $92,000 in life insurance coverage, requested by and issued to Defendant pursuant to the terms of group life insurance policy No. GL H31272, underwritten and insured by Plaintiff for the benefit of employees of Process & Facilities Systems, Inc.  Plaintiff alleges Defendant made material misrepresentations on his statement of health forms, submitted in support of his application for additional coverage.  Defendant answered the Complaint denying he made any material misrepresentations and has not asserted any counterclaims.

F. <u>RELIEF SOUGHT</u>: Plaintiff seeks equitable rescission, declaratory judgment, as well as attorneys' fees and costs pursuant to 29 U.S.C. §1132(g).

G. <u>PARTIES NOT SERVED</u>:  All parties have been served.

H. <u>PRINCIPAL LEGAL ISSUE</u>: Whether Plaintiff is entitled to rescission in accordance with ERISA and the Illinois Insurance Code.  *Methodist Medical Ctr. v. American Medical Sec.*, 38 F.3d 316 (7th Cir. 1994).

The Plaintiff provides the following authority:  Under Illinois law, a misrepresentation in an insurance application is a statement of fact which is untrue and which affects the risks assumed by the insurer.  *Weinstein v. Metropolitan Life Ins. Co.,* 389 Ill. 571, 577, 60 N.E.2d 207, 210 (Ill. 1945); *American Country Ins. Co. v. Mahoney,* 203 Ill.App.3d 453, 463, 560 N.E.2d 1035, 1042 (1st Dist. 1990); *Ratcliffe v. International Surplus Lines Ins. Co.*, 194

Ill.App.3d 18, 25, 550 N.E.2d 1052, 1057 (1st Dist. 1990). Whether the statements made in an insurance application are material depends on whether reasonably careful and intelligent persons would have regarded the facts stated as substantially increasing the chances or the events insured against, so as to cause a rejection of the application or different conditions in the policy, such as higher premiums. *Weinstein, 389* Ill. at 577, 60 N.E.2d at 210; *Mahoney*, 203 Ill.App.3d 463, 560 N.E.2d at 1042; *Hatch v. Woodmen Accident and Life Co.*, 88 Ill.App.3d 36, 40, 409 N.E.2d 540, 543 (2d Dist. 1980); *Royal Maccabees Life Ins. Co. v. Malachinski*, 161 F. Supp. 2d 847, 853 (N.D. Ill. 2001). Testimony from an insurer's underwriter may be used to establish the materiality of omitted information. *Methodist Med. Ctr.*, 38 F.32d at 320; *Small v. Prudential Life Ins. Co.*, 246 Ill. App. 3d 893 (1993).)

Defendant provides the following authority:  The insurance company has the burden of proving that a contract for insurance should be rescinded. Universal Casualty Co. v. Lopez, 376 Ill.App.3d 459 (1st Dist. 2007).  When the proposed rescission is based upon an allegation of material misrepresentation by the insured, the insurance company has the burden of establishing the materiality of the misrepresentation or that the insured intentionally misled the insurer.  Id. An insurance company may void a contract for a material misrepresentation only if the misrepresentation is made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company. Cont v. Health Care Service Corp., 378 Ill.App.3d 202 (1st Dist. 2007).  A layperson applying for insurance is not expected to answer questions concerning his past or present health status with the skill of a trained physician. Id.  An insured is not required to disclose information beyond the knowledge of an ordinary person if he has not been informed about his condition by his doctor.  Id.  The determining factor in judging the validity of an applicant's answer is what the applicant in fact believed to be true.  Id.

Ambiguous language in an insurance contract will be strictly construed against the insurer that drafted the policy. Id.

  I. PRINCIPAL FACTUAL ISSUES: Plaintiff does not believe there are any questions of fact relative to the material misrepresentations on the application forms for additional coverage. Defendant believes there are questions of fact relative to the Plaintiff's allegations regarding material misrepresentations by the Defendant.

  J. ANTICIPATED MOTIONS: Plaintiff anticipates filing a motion for summary judgment. Defendant may file a cross-motion for summary judgment.

  K. DISCOVERY PLAN: The parties will exchange Rule 26(a)(1) disclosures by July 21, 2008, complete written and oral discovery by January 15, 2009. Plaintiff does not believe that expert discovery will be needed in this matter. Defendant reserves the right to retain or present expert testimony.

  L. TRIAL READY DATE: If this matter cannot be disposed off by way of dispositive motion, the parties would be ready for trial at the earliest on May 1, 2009.

  M. SETTLEMENT DISCUSSIONS: The parties have not engaged in settlement discussions at this time but believe a settlement conference would be appropriate.

  N. MAGISTRATE JUDGE: The parties do not consent to trial before a magistrate judge.

500691.1

Respectfully Submitted,

| | |
|---|---|
| */s/ Edna S. Bailey* | */s/ Keith A. Karlson* |
| Attorney for Plaintiff | Attorney for Defendant |
| | |
| Daniel J. McMahon | Richard J. Reimer |
| Rebecca M. Rothmann | Keith J. Karlson |
| Edna S. Bailey | Richard J. Reimer & Associates LLC |
| Wilson Elser et al. | 15 Spinning Wheel Road, Suite 310 |
| 120 North LaSalle Street | Hinsdale, Illinois 60521 |
| Suite 2600 | (630) 654-9547 |
| Chicago, Illinois 60602 | |
| (312) 704-0550 | |

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on July 1, 2008, a copy of the foregoing was served by operation of the Court's electronic filing systems upon the following:

***Attorney for Defendant***
Richard J. Reimer
Richard J. Reimer & Associates, LLC
15 Spinning Wheel Road, Suite 310
Hinsdale, IL 60521
Tel: (630) 654-9547
Email: rreimer@rjrlaborlaw.com

Keith A. Karlson
Carlson Law Offices
218 North Jefferson, Suite 101
Chicago, IL 60661
Tel: (312) 627-1212
Email: kkarlson@rjrlaborlaw.com

Parties may access this filing through the Court's system.

                                                                     */s/ Edna S. Bailey*
                                                                       Edna S. Bailey

500691.1